**UNITED STATES COURT OF INTERNATIONAL TRADE**

```
---------------------------------------------------------X
                                        :
PARKDALE AMERICA LLC,                   :
                                        :
                                        :
            Plaintiff,                  :
                                        :
      v.                                :        Court No. 22-19
                                        :
UNITED STATES,                          :
                                        :
            Defendant.                  :
                                        :
---------------------------------------------------------X
```

## <u>COMPLAINT</u>

Plaintiff Parkdale America Inc., for its Complaint against defendant the United States, for its Complaint does state and allege as follows:

## <u>CAUSE OF ACTION</u>

1. Plaintiff commences this action to contest the denial, by defendant, through its agency United States Department of Homeland Security ("DHS"), United States Customs and Border Protection ("Customs" or "CBP") of plaintiff's protest contesting CBP's refusal to pay a claim for duty drawback.

## <u>JURISDICTION</u>

2. Plaintiff commences this protest denial action under Section 515 of the Tariff Act of 1930, 19 U.S.C. § 1515. This Court has exclusive subject matter jurisdiction of this action pursuant to 28 U.S.C. §1581(a).

3. All liquidated duties, taxes and fees required to be paid were paid prior to the commencement of this action.

**PARTIES**

4. Plaintiff Parkdale America LLC was the drawback claimant in this action, and is the real party in interest in this action.

5. Defendant United States is the Federal Defendant, which in this acted through its agency United States Customs and Border Protection (CBP), a unit of the Department of Homeland Security.

**FACTS**

6. On April 26, 2019, plaintiff filed drawback entry H52-0005360-2, a claim for manufacturing substitution drawback under Section 313(b) of the Tariff Act of 1930, as amended [19 U.S.C. §1313(b)].

7. The imported duty-paid merchandise designated as the basis of drawback consisted of certain rayon staple fiber, classifiable under Harmonized Tariff Schedule (HTS) subheading 5503.00.25; and certain viscose rayon staple fiber, classifiable under HTS subhead 5504.10.0000.

8. Drawback entry H52-0005360-2 was filed as a claim for "modernized drawback" under Section 313 of the Tariff Act of 1930, as amended by Section 903 of the Trade Facilitation and Trade Enforcement Act of 2015, (Pub. L. 114–125, 130 Stat. 122, February 24, 2016).

9. Certain of the merchandise on the import entries designated as the basis for drawback had been designated as the basis for duty drawback claims which plaintiff had filed under the drawback law as it existed prior to the effective date of the TFTEA changes (also known as "core" drawback claims).

10. Plaintiff provided to CBP an accounting, showing how much of the designated merchandise on the import entries had been used in connection with the previously-filed "Core" drawback claims, and what quantities remained available for designation on the TFTEA claim which is the subject of this action. To the extent merchandise from a given import entry was designated on both a "core" drawback claim, the designation of merchandise from such import entry on a "modernized" TFTEA drawback claim is known as a "mixed use" claim.

11. Customs drawback entry specialists at the San Francisco drawback processing office demanded that plaintiff remove the "mixed use" entries from its drawback claim. When plaintiff refused, the drawback claim was denied.

12. Substitution drawback claims under "core" drawback and post-TFTEA "modernized" drawback differ into two significant ways. Under "core" drawback, the basis for substitution of designated imported materials with substituted "export" materials was based on a factors-based test of "commercial interchangeability. Drawback was paid in an amount

equal of 99% of the duties paid on the designated imports. Under post-TFTEA "modernized" drawback, the standard for substitution is that the imported "designated" merchandise and the exported "substituted" materials involved in the drawback claim be classified in the same eight-digit subheading of the Harmonized Tariff Schedule of the United States. The amount of drawback allowable is based on a "weighted average unit line item basis", according to the weighted average value of the goods appearing on the designated entry line item.

13. Prompted by litigation ongoing in this Court [*Tabacos de Wilson Inc. v. United States,* 2018 Ct. Int'l Tr. LEXIS 147 (2018)], CBP on August 2, 2018, published in the Federal Register a Notice of Proposed Rulemaking, setting out regulations designed to implement "modernized" drawback. [83 Fed. Reg. 37886 (April 2, 2018)]. The Notice of Proposed Rulemaking specifically prohibited "mixed use" claims.  See 83 Fed. Reg. 37886, at 37888/

14.  However, on December 18, 2018, CBP published final regulations which authorized "mixed use" claims in TFTEA drawback. The Notice of Final Rulemaking contains the following passage:

> Comment: **In the NPRM, CBP proposed not to allow mixed claims (i.e., TFTEA-Drawback substitution claims cannot designate imported merchandise if the associated entry summary was already designated on a drawback claim filed under the law in effect prior to February 24, 2016**). However, these mixed claims were allowed to be submitted pursuant to the Interim Guidance (and were not rejected by the system) to enable the filing of TFTEA-Drawback claims as of February 24, 2018. Multiple commenters urged CBP to reconsider this prohibition on mixed claims. Some commenters suggested that CBP should clarify that the prohibition on mixed claims should only be for any merchandise on a particular entry summary line that has been designated as the basis of a claim under part 191 (as opposed to any merchandise covered by the same entry summary).

Response: CBP agrees with this comment. The issue of mixed claims exists because the drawback claims filed under the pre-TFTEA law did not identify the specific import entry line items upon which imported merchandise was entered. As a result, ACE cannot determine, in an automated manner, whether the imported merchandise for a particular drawback claim was previously entered on a specific line item. Because substitution drawback claims under TFTEA are calculated based on per unit averaging, they cannot designate merchandise that was previously designated on any drawback claim with an invoice-based calculation, which means all pre-TFTEA claims. Accordingly, if a substitution drawback claim is filed under TFTEA that designated imported merchandise on an entry summary that also contains merchandise that was previously designated as the basis for a pre-TFTEA drawback claim, it is necessary to determine whether the merchandise that was the basis of the pre-TFTEA claim is on the same entry line as the merchandise that is now being designated as the basis for a TFTEA substitution claim (because if so, then the same concerns that necessitate the first filed rule, discussed above, are also implicated in these circumstances). **Since ACE cannot make this determination in an automated manner, it must be done manually. Nevertheless, CBP agrees that drawback should be allowed for a claimant who can provide evidence to prove that a TFTEA-Drawback substitution claim does not designate merchandise that is covered by an entry summary line that also contains merchandise that was previously claimed on a drawback claim under the pre-TFTEA drawback law. CBP has modified section 190.51(a)(4) accordingly.**

83 Fed. Reg. 64964 (December 18, 2018) [emphasis added].

15. Section 190.51(a)(4) of the Customs Regulations [19 C.F.R. §190.51(a)(4)], which is the best evidence of its contents, provides:

> **(4) Limitation on line item eligibility for imported merchandise.** Claimants filing substitution drawback claims under part 190 for imported merchandise associated with a line item on an entry summary if any other merchandise covered on that entry summary has been designated as the basis of a claim under part 191 must provide additional information enabling CBP to verify the availability of drawback for the indicated merchandise and associated line item within 30 days of claim submission. The information to be provided will include, but is not limited to: summary document specifying the lines used and unused on the import entry; the import entry summary, corresponding commercial invoices, and copies of all drawback claims that previously designated the import entry summary; and post summary/liquidation changes (for imports or drawback claims, if applicable).

## COUNT I

16. Paragraphs 1 through 15 of this Complaint are incorporated by reference as though fully set out herein.

17. Plaintiff's drawback entry H52-0005360-2 was a claim for substitution manufacturing drawback filed under 19 U.S.C. §1313(b).

18. Certain of the import entries designated as the basis for drawback in entry H52-0005360-2 were designated, in part, as a basis for a drawback claim filed under the "core" drawback statute, as it existed prior to the modifications made by the Trade Facilitation and Trade Enforcement Act of 2015.

19. Plaintiff, through its Customshouse broker, furnished CBP with an accounting, showing the merchandise on the designated import entries which had previously been designated for "core" drawback claims.

20. This accounting demonstrated to CBP that none of the merchandise designated for drawback on plaintiff's drawback entry H52-0005360-2 had been designated as the basis of an earlier "core" drawback claim.

21. Plaintiff's claim meets all of the other requirements for claiming 19 U.S.C. §1313(b) drawback.

22. Customs erred in demanding that plaintiff delete the so-called "mixed use" lines from its drawback claim.

23. Customs erred in denying plaintiff's claim for drawback.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that this Court issue judgment in its favor; and plaintiff requests that this Court order the appropriate CBP officer to reliquidate the claim with full drawback allowed; and that this Court offer plaintiff such further and additional relief as the Court may deem just.

Respectfully submitted,

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
NEVILLE PETERSON LLP
*Counsel for Plaintiff Parkdale America LL*C
One Exchange Plaza at 55 Broadway
New York, New York 10006
(212) 635-2730
(212) 635-0113 (Fax)
jpeterson@npwny.com

May 16, 2022