**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. TIMOTH M. REIF, JUDGE**

------------------------------------------------------------------- X
**PARKDALE AMERICA LLC,**               :
                                         :
    **Plaintiff,**              :
                                         :
    *v.*                        :   **Court No. 22-00019**
                                         :
**UNITED STATES OF AMERICA,**           :
                                         :
    **Defendant.**              :
------------------------------------------------------------------- X

## PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER

Pursuant to Rules 6(c) and 16 of the Rules of the United States Court of International Trade, plaintiff respectfully submits this consent motion to amend the scheduling order to allow additional time for the parties to conduct discovery. The end of discovery is currently set for December 15, 2023. Plaintiff requests a 60-day extension to day extension until February 13, 2024. This is plaintiff's fourth request for an extension of time to complete discovery.

When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act. USCIT Rule 6(b)(1)(A). "Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule." *POSCO*, *et al. v. United States*, Ct. Int'l Trade No. 16-00225, April 21, 2017 order (Docket entry no. 50) (citing *High Point Design LLC v. Buyers Direct, Inc*., 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); and *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (2014) (diligence is the "primary consideration" under the general good cause standard applicable to USCIT Rules 6(b) and 16(b)).

Good cause exists for amending the current scheduling order. Plaintiff has provided defendant with a proposed settlement of this action which may lead to the resolution of this case without any further litigation. In considering this stipulation, CBP has identified, what it believes, are potential jurisdictional issues regarding this case and its potential desire to file a motion to dismiss. Specifically, whether the re-payment of accelerated drawback constitutes a liquidated duty under 28 U.S.C. § 2637, and therefore required to be paid to the government before this action was commenced. The parties have agreed that plaintiff can write a letter to CBP explaining why this issue is not jurisdictional and should not affect any stipulations of this case. As such, additional time will be necessary for the parties to move forward with possibly stipulating this case as the Government continues to consider the proposal.

On December 12, 2023 counsel for plaintiff contacted Marcella Powell, counsel for the defendant, to request an extension. Ms. Powell consented to the request. Plaintiff submits that good cause for an extension has been shown and respectfully request that the Court grant this motion.

        Respectfully submitted,

        NEVILLE PETERSON LLP

       /s/ John M. Peterson
        John M. Peterson
        Patrick B. Klein
        One Exchange Plaza
        55 Broadway, Suite 2602
        New York, NY 10006
        (212) 635-2730
        jpeterson@npwny.com

Dated:  December 13, 2023